<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK KEITH PARRISH, | Civil Action No. 12-5344 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| OCEAN COUNTY JAIL, | |
| Defendant. | |

**APPEARANCES**:

> DERRICK KEITH PARRISH, #297405C
> Southern State Correctional Facility
> 4295 Route 47
> Delmont, NJ   08314
> Plaintiff *Pro Se*

<u>**WOLFSON, District Judge**</u>:

Derrick Keith Parrish, a New Jersey prisoner who is confined at Southern State Correctional Facility in New Jersey, seeks to file a Complaint asserting claims against the Ocean County Jail. This Court will grant Plaintiff's application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint.

**I.   <u>BACKGROUND</u>**

The case arises from Parrish's incarceration at Ocean County Jail in New Jersey. He asserts the following facts, which this Court is required to regard as true for the purposes of this review. He alleges that, on July 29, 2012, while he was returning to his tier, Corrections Officer Petrone "opened the wrong door to a tier and put [his] life in danger," even though he did the same

thing a few weeks earlier and "another inmate was attacked in the same way." (Complaint, ECF No. 1 at 5.) Plaintiff asserts that he "was attacked by two inmates and sustained minor cuts and bruises, had a small concussion, injured [his] shoulder and reinjured [his] back." *Id.* Plaintiff reasons that Corrections Officer Petrone must have intentionally opened "the wrong door because he had just pulled [Plaintiff] out of [his] tier for a visit and knew what tier [Plaintiff] was on and the other incident only happened 11 days before." *Id.* Plaintiff alleges that Petrone wrote Plaintiff up on false disciplinary charges "to cover himself and lied about the incident." *Id.* Plaintiff states that he appeared for a disciplinary hearing on August 2, 2012, before Corrections Officer O'Rorke. He asserts that O'Rorke did not allow him to call witnesses in his defense, did not review the video tape of the incident because he said the camera was down, found Plaintiff guilty of assault, and imposed a sanction consisting of 15 days in detention. For violation of his rights under 42 U.S.C. § 1983, Plaintiff seeks damages.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner, and he seeks redress from a governmental entity.

2

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To

---

[1] The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint under Rule 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[2] The statute provides in relevant part:

3

recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Parrish sues Ocean County Jail, but a county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Russell v. City Of Philadelphia*, 428 F.App'x 174, 177 (3d Cir. 2011). Because a jail is not a person subject to suit for violation of constitutional rights and Plaintiff names no other defendants, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In this case, Plaintiff could file an amended complaint naming Corrections Officers Petrone and O'Rorke as defendants, and claiming that these officers violated his Fourteenth Amendment right to due process of law under § 1983. For example, Plaintiff may be able to assert facts showing that Corrections Officer Petrone violated his due process rights by deliberately unlocking the wrong door for the purpose of causing Plaintiff to

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

be attacked.[3]   Also, Plaintiff may be able to assert a due process claim against Corrections Officer O'Rorke if he can assert facts showing that the disciplinary sanction imposed by O'Rorke caused Plaintiff to endure "genuine privations and hardship over an extended period of time," and thereby inflicted unconstitutional punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  *See Bistrian v. Levi*, 696 F.3d 352, 373-74 (3d Cir. 2012); *Hubbard v. Taylor,* 538 F.3d 229, 231 (3d Cir. 2008).[4]  This Court will grant Plaintiff 30 days to file an amended complaint which is complete on its face and asserts facts showing that the named defendants violated his due process rights.

---

[3] This Court notes that the Supreme Court held in *Davidson v. Cannon,* 474 U.S. 344 (1986), that jail officials' negligent failure to protect an inmate from assault by another inmate does not rise to the level of a constitutional violation.  In that case, on Friday, December 19, 1980, inmate McMillian threatened to injure plaintiff Davidson, while both were incarcerated at the same facility.  The same day, Davidson sent a note reporting the threat to Assistant Superintendent Cannon, who read the note and sent it on to Corrections Sergeant James.  Sergeant James did not inform other officers of the threat, however, as he had forgotten about it by the time he left the prison and he was not scheduled to work over the weekend.  On Sunday December 21, 1980, McMillian attacked Davidson with a fork, breaking his nose and inflicting other wounds.  The Supreme Court held that the officials'

> lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent.  Far from abusing governmental power, or employing it as an instrument of oppression, respondent Cannon mistakenly believed that the situation was not particularly serious, and respondent James simply forgot about the note.  The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials.

*Davidson,* 474 U.S. at 347-48 (citation omitted); *see also County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Burton v. Kindle,* 401 F.App'x 635 (3d Cir. 2010) (affirming dismissal of pretrial detainee's failure to protect claim under § 1983 alleging that a correctional officer opened Burton's cell door for a fellow inmate to enter and attack him because negligence is not unconstitutional).

[4] *But see Brown v. Hamilton Tp. Police Dept. Mercer County, N.J.*, C.A. 13-3193, 2013 WL 6246478 (3d Cir. Dec. 4, 2013) (affirming dismissal of pretrial detainee's due process claim because conditions of confinement were not sufficiently serious to violate the Constitution); *Mathis v. Monza,* 530 F.App'x 124, 128 (3d Cir. 2013) (holding that detainee's pretrial confinement in a restricted housing unit did not violate due process).

5

### III. CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

　　　　　　　　　　　　　　　　　　　　 /s/ Freda L. Wolfson　　　　　　　　　
　　　　　　　　　　　　　　　　　　　**FREDA L. WOLFSON, U.S.D.J.**

DATED:　May 20, 2014